UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

    Plaintiff,

v.

    CASE NO. 18-11471
    HON. GEORGE CARAM STEEH

HEIDI WASHINGTON, et. al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)

This matter is before the Court on Plaintiff Michael Kitchen's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan. Upon review of plaintiff's case and his litigation history in the federal courts, this Court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## I. Background

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding

-1-

in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $ 50.00 administrative fee, when he filed his complaint. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), provides prisoners with the opportunity to make a "downpayment" of a partial filing fee and pay the remainder of the fee in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A search of federal court records indicates that plaintiff has at least three prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *Kitchen-Bey v. Michigan Dept. Of Corrections,* No. 2:05-CV-267, 2006 WL 62827 (W.D Mich. Jan. 10, 2006); *Kitchen-Bey v. Vidor, et. al.,* No. 1:93-CV-00034 (W.D. Mich. Apr. 7, 1993)(Adopting Report and Recommendation of Magistrate Judge);

*Kitchen-Bey v. Kitchen,* No. 2:93-CV-71555 (E.D. Mich. May 13, 1993).[1]

## II. Discussion

Under the Prison Litigation Reform Act of 1995 (''PLRA''), a federal court may dismiss a prisoner civil case if, in 3 or more prior cases, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit in the absence of allegations the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. Moreover, the federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for

---

[1] The Court notes that in all three of these cases, plaintiff used an alias, Michael Kitchen-Bey, to file the complaint. A prisoner cannot use an alias to circumvent the provisions of § 1915(g). *See e.g. Fuller v. Pcs Daily Dial Phone Co.*, No. 2:15-CV-13620, 2015 WL 6438915, *2 (E.D. Mich. Oct. 23, 2015); *Robinson v. Stoddard,* No. 1:13–CV–754; 2013 WL 3974715, * 1, n. 1 (W.D. Mich. Aug. 2, 2013).

purposes of § 1915(g). *Green v. Nottingham*, 90 F. 3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998).

Plaintiff has at least three prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted.

The Court is aware the case of *Kitchen-Bey v. Michigan Dept. Of Corrections,* No. 2:05-CV-267, 2006 WL 62827 (W.D Mich. Jan. 10, 2006) was dismissed in part without prejudice because plaintiff failed to exhaust his administrative remedies with respect to several claims. Plaintiff's remaining claims were dismissed for failing to state a claim upon which relief could be granted. *Id.* at * 4.

Where a civil rights complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Pointer v. Wilkinson*, 502 F.3d 369, 372–77 (6th Cir.2007). Plaintiff's 2006 dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

Plaintiff has not alleged any facts which would establish that he is in

imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his three prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x. 470, 472 (6th Cir. 2002). Although plaintiff alleges in his relief section several times that the defendants' actions have caused him "pain and suffering," (See Doc. # 1, Pg ID 18, 19, 20), plaintiff fails to elaborate what type of injury or injuries he has incurred. Because plaintiff has not elaborated on the nature of the harm that he faces, he is not entitled to invoke the imminent danger exception to § 1915(g). *See Wilson v. Fifty Second Dist. Court,* 49 F. App'x. 610, 611 (6th Cir. 2002).

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Plaintiff has had at least three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim; 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any

appeal from this dismissal would be in good faith.

### III.  ORDER

**IT IS HEREBY ORDERED** that Plaintiff Michael Kitchen's *in forma pauperis* status is **DENIED** and the complaint [dkt # 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND CERTIFIED** that any appeal taken by plaintiff would not be done in good faith.

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

Dated: May 17, 2018

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 17, 2018, by electronic and/or ordinary mail and also on Michael Kitchen #189265, Carson City Correctional Facility 10274 Boyer Road, Carson City, MI 48811.

s/Barbara Radke
Deputy Clerk