UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

    Plaintiff,

v.

    CASE NO. 2:18-CV-11471
    HONORABLE GEORGE CARAM STEEH
    UNITED STATES DISTRICT JUDGE

HEIDI WASHINGTON, et. al.,

    Defendants,
_____/

**OPINION AND ORDER DENYING THE *EX PARTE* MOTION TO TRANSFER THE CASE TO THE WESTERN DISTRICT OF MICHIGAN (Doc. 4) AND THE MOTION FOR RELIEF FROM JUDGMENT (Doc. 5).**

On May 17, 2018, this Court dismissed plaintiff's civil rights case pursuant to 28 U.S.C. § 1915(g) because plaintiff had three prior cases that had been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted and his complaint did not allege that he was in imminent danger of death or serious bodily injury. The Court indicated that plaintiff could reinstate the complaint if he paid the $ 400.00 filing fee. To date, plaintiff has not attempted to pay the $ 400.00 filing fee.

Plaintiff has filed an *Ex Parte* Motion to Transfer the Case to the Western District and a Motion for Relief From Judgment. For the reasons that follow, the motions are DENIED.

Plaintiff claims that the case should be transferred to the Western District of Michigan because venue would be more proper in that district because plaintiff is incarcerated there, the defendants reside there, and the cause of action took place in that district. Plaintiff claims that he wishes to pay the $ 400.00 filing fee to reinstate the case, although he has yet to do so.

It is true that in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). A transfer of this case would not be in the interest of justice, because the three strikes provision contained in 28 U.S.C. § 1915(g) prohibits plaintiff from proceeding *in forma pauperis* based on his prior litigation history of frivolous or malicious cases in the federal courts. *See Mitchell v. Holliday*, 202 F. Supp. 3d 116, 120 (D.D.C. 2016). To the extent that plaintiff wishes to reopen his case to pay the $ 400.00 filing fee, such a request is premature prior to him submitting the $ 400.00 filing fee to this Court.

The *Ex Parte* Motion to Transfer Case to the Western District of Michigan and the Motion for Relief From Judgment are DENIED.

    s/s/George Caram Steeh
    HON. GEORGE CARAM STEEH
    UNITED STATES DISTRICT JUDGE

DATED: February 7, 2019